Filed 2/11/16  P. v. Childers CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C078134 |
| Plaintiff and Respondent, | (Super. Ct. No. CM041572) |
| v. | |
| ALLEN LEE CHILDERS, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we order a correction to the abstract of judgment and affirm.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 21, 2014, one victim reported his debit card was stolen from his truck. Unauthorized charges were made on the card.  Another victim reported that his residence was burglarized on August 2, 2014, and his debit card was stolen.  Unauthorized charges were made on that card, as well.  The cards were subsequently used to make purchases at

1

two stores -- both of which had video surveillance of the transactions. Defendant was identified as the individual making the transactions.

Defendant pleaded no contest to receiving stolen property (Pen. Code, § 496, subd. (a))[1] and petty theft with a prior (§ 666, subd. (b)), and admitted having served a prior prison term (§ 667.5).

On December 10, 2014, the trial court sentenced defendant to the upper term of three years for receiving stolen property, a consecutive eight months (one-third the midterm) for petty theft with a prior, and a consecutive one year for the prior prison term enhancement, for an aggregate term of four years eight months. The trial court also imposed various fines and fees, as well as victim restitution, and awarded defendant 45 days of presentence custody credit.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we received no communication from defendant.

## *WENDE* REVIEW

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We did, however, find a clerical error that requires correction. At sentencing, the trial court awarded defendant with 23 actual days and 22 conduct days, for a total of 45 days of presentence custody credit. Although the abstract of judgment correctly reflects the total of 45 days, it erroneously reflects 22, rather than 23, actual days of custody

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

credit.  Accordingly, the trial court must prepare a corrected abstract of judgment reflecting 23 actual days of custody credit.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract and forward a certified copy thereof to the Department of Corrections and Rehabilitation.

       MURRAY     , J.

We concur:

     HULL     , Acting P. J.

     DUARTE    , J.